MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Terry C. to her three children and of Luciano C. to Jessica C. only. A termination of the parental rights of Victor R., the biological father of the two youngest children was also sought. Jessica, age eight, and Zenaida, age three years and three months, have been in the care of the Department of Children and Families since February 10, 1995. They were adjudicated neglected on September 20, 1995. The youngest, Victor, age two, was adjudicated an "uncared for" child and was committed to the Department on the same date as his sisters.
The court finds that the mother has appeared and has a court appointed attorney. The court further finds that the father, Luciano C. was served by publication as ordered by the court. Such service was in the Union News, a newspaper circulating in the West Springfield area as Luciano's C.'s last known address was in West Springfield. Counsel was appointed to represent him and attended the trial. Counsel has not had any contact with the Respondent father Luciano C. The Department proceeded at trial against him on the ground of abandonment only. The Department withdrew the petition against Victor R., as a certified death certificate was filed with the court. Victor R., the biological father of Zenaida and Victor died on July 17, 1997. The court further finds that it has jurisdiction in this matter and there is no pending action affecting custody of these three children in any other court. The court, having read the verified petition, the social study and heard the testimony of one department worker makes the following findings by clear and convincing evidence.
The mother does not contest the termination of her rights. She consented to the termination of her rights to all three children, after review of the matter with her counsel, and filed a written consent with the court. The court finds her consent to have been voluntarily and knowingly made with the advice and assistance of competent counsel and with a full understanding of the consequences of her act. Upon acceptance of her consent, the petition was amended to allege consent as the sole ground for the termination of her parental rights.
WITH RESPECT TO JESSICA:
Jessica is the oldest of these three children, all of whom reside together in one foster home. She was relied upon by her mother and boyfriend to help care for her younger siblings, and CT Page 8685 at times became the adult in the family, where drug abuse and physical abuse were daily life threatening events. Mother failed to protect this child from the physical abuse by her father and then abuse, including sexual abuse, by mother's boyfriend. On one occasion in 1995, this child poignantly told the Department worker "I am not the one who needs help. My mother needs help. " She has had only supervised visits with her mother since 1996 and stated that she did not wish to live with her mother because "My mother is not ready yet". Jessica is a bright child with considerable difficulties due to the horror of her first years. Jessica is doing well with the foster parents and continues in therapy for treatment of the abuse she suffered in her parental home.
WITH RESPECT TO ZENAIDA:
Zenaida is a child with no major health problems. She was removed from her mother's care when she was fifteen months old. While she has had ear infections and asthma, she is a happy child who likes to play with other children. She displays an increasing independence and ability to play by herself.
WITH RESPECT TO VICTOR:
Victor is two years old. Upon his birth, he was removed from the hospital directly to the foster home with his other siblings. He has never been in the care of his parents. He experienced fetal exposure to heroin and went through a difficult withdrawal period after birth. He is doing well and thriving with the love and care he receives from his foster family.
WITH RESPECT TO THE FATHER: (Luciano C.)
The court finds from the testimony of the department worker that reasonable efforts were made to determine the whereabouts of Luciano C., who was incarcerated in Massachusetts until May of 1997. The father, Luciano R., has not provided care for Jessica since 1992 and from all reports has not had any contact with her since 1994. During the time of his involvement with the mother, he was physically abusive to the child. He has not contacted the Department concerning this child at all. He never attended any court hearings and never signed any expectations concerning his contact with the child. He has been incarcerated in Massachusetts on several different occasions for drug related criminal activity. He has failed to meet the basic needs of this child and CT Page 8686 has never had a relationship with her. He has never provided any support for his daughter.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights, the court finds, by clear and convincing evidence, Jessica had been abandoned by Luciano C., her biological father, as he has not maintained a reasonable degree of interest, concern or responsibility for his daughter as set forth in Connecticut General Statutes § 17a-112 (c)(3)(A). "A parent must maintain a reasonable degree of interest in the welfare of his or her child. `Maintain' implies a continuing reasonable degree of concern." In Re Michael M.,29 Conn. App. 112, 614 A.2d 832 (1992) quotingIn Re Rayna M., 3 Conn. App. 23, 37-38,534 A.2d 897 (1987). The court further finds the facts supporting the finding of abandonment have existed for an extended period of time in excess of one year prior to the date of the filing of the petition for termination of parental rights.
REQUIRED FINDINGS
The court will make no findings regarding Terry C., the biological mother of Jessica C., Zenaida R., and Victor R., as same are not required due to her consent to the termination of her parental rights. The court makes the following factual findings required by Connecticut General Statutes § 17a-112
(e) concerning the father, Luciano C.
1) Timeliness, nature and extent of services offered and made available to the parent and the children in order to facilitate the reunion of the children with the parent; Such services could not be offered as the father was unavailable and evidenced no interest in this child. The biological father never contacted the Department concerning such services.
2) The court finds that the Department made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the father was unwilling and unavailable to benefit from reunification efforts.
3) The terms of an applicable court order entered into and agreed upon by any individual agency and the parent and the extent to CT Page 8687 which all parties have fulfilled their obligations under such order; No such orders were entered as to the biological father as to do so given his absence and his lack of participation would have been futile.
4) This child, Jessica has strong emotional ties with the foster family who have provided the physical, emotional and educational support this child needs and requires. While she has had some difficulty bonding with her foster mother, she is close to the foster mother's twenty-four year old daughter. The child does not know and has no emotional ties to her biological father.
5) Finding regarding the age of the child. Jessica is eight years old.
6) Finding regarding efforts of the father to adjust his circumstances, conduct or conditions to make it in the best interests of the child to return her to his home in the foreseeable future and (A) the extent to which the father has maintained contact with the child as part of an effort to reunite the child with the father, provided that the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communications with the guardian or other custodian of the child. As the father's present whereabouts are unknown and as he has not participated in his daughter's life since 1994, it is clear that he has made no such efforts.
7) Finding regarding the prevention of the father from having a meaningful relationship, etc. The Department has not been in a position to encourage contact due to the father's voluntary absence from this child's life. No unreasonable conduct is noted.
DISPOSITION
These three children remain together in a foster home where their foster parents are supportive of them, care for them and wish to adopt them. They need the stability and consistency that are provided by their foster family. They have been in placement since 1995 and should not need to wait any longer. Based upon the clear and convincing evidence and the foregoing findings, the court determines that it is in Jessica C., Zenaida R. and Victor R.'s best interests that a termination of parental rights enter with respect to their mother, Terry C. Further it is in Jessica's best interest that a termination of parental rights enter with CT Page 8688 respect to her father, Luciano C. As previously noted, the father of Zenaida and Victor is deceased. These findings are made after considering these children's sense of time, their need for a secure and permanent environment and their close relationship with their foster family. The court therefore hereby ORDERS that the parental rights of Terry C. and Luciano C. are terminated. It is further ordered that the Department is appointed the statutory parent of Jessica, Zenaida and Victor for the purpose of securing an adoptive family and that the present family be given first consideration. The Commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
Barbara M. Quinn, Judge Child Protection Session